**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------
A.G. o/b/o M.G.; J.T. and P.T. o/b/o G.T.;
C.C. and R.I. o/b/o M.I.; E.H. o/b/o M.K.;
R.S. o/b/o R.S., and Lawrence Weinberg on behalf
of clients A.G.; J.T. and P.T.;
C.C. and R.I.; E.H.; and
R.S.,

                       Plaintiffs,

    - against -                              **COMPLAINT**

                                                                                20 CV_____

New York City Department of Education,

                       Defendant.
---------------------------------------------------------------

Plaintiffs A.G. individually and on behalf M.G.; J.T. and P.T. individually and on behalf G.T.; C.C. and R.I. individually and on behalf of M.I.; E.H. individually and on behalf of M.K.; R.S. individually and on behalf of R.S.; and Lawrence Weinberg individually and on behalf of his clients by their attorney, ALVY LAW, PLLC, as and for their Complaint against Defendant, the New York City Department of Education, allege and state the following:

1. M.G., the child of plaintiff parent A.G., was at all relevant times a minor child who is a "child with a disability," within the meaning of 20 U.S.C. § 1401(3)(A).

2. G.T., the child of plaintiffs parents J.T. and P.T, was at all relevant times a minor child who is a "child with a disability," within the meaning of 20 U.S.C. § 1401(3)(A).

3. M.I., the child of plaintiffs parents C.C. and R.I., was at all relevant times a minor child who is a "child with a disability," within the meaning of 20 U.S.C. § 1401(3)(A).

4. M.K., the child of plaintiff parent E.H. was at all relevant times a minor child who is a "child with a disability," within the meaning of 20 U.S.C. § 1401(3)(A).

5.  R.S., the child of plaintiff parent R.S., was at all relevant times a minor child who is a "child with a disability," within the meaning of 20 U.S.C. § 1401(3)(A).

6.  Plaintiff Lawrence D. Weinberg, Esq., Ed.D., is a retired attorney. From October 2008 through June 2020 he represented approximately 400 parents of special needs students in hundreds of cases against Defendant, the New York City Department of Education, including the individual Plaintiffs named above and their children.

7.  Plaintiff Parents and children were at all relevant times residing within New York City and are entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statutes including, but not limited to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, the pertinent implementing regulations promulgated under the Code of Federal Regulations, Article 89 of the New York State Education law and Part 200 of the Commissioner's Regulations.

8.  This action contains a common question of fact to all Plaintiffs and the claims are all logically related.

9.  Parents and children, though all known to Defendant, are not expressly named by their given names or specific address because of the privacy guarantees provided in the IDEA statute, as well as in the Family Educational Rights Privacy Act ("FERPA"), 20 U.S.C. § 1232(g) and 34 C.F.R. § 99. Upon the request of this Court, Plaintiffs are prepared to disclose such information on an *in-camera* basis.

10.  Defendant, upon information and belief, is a duly constituted school district organized under the laws of the State of New York and is the local education agency ("LEA") charged with the obligation to provide disabled students with a free appropriate public education ("FAPE").

## THE RELIEF BEING SOUGHT

11. This action is brought on behalf of Plaintiffs pursuant to the fee-shifting provisions of 20 U.S.C. § 1400, *et seq.*, and, in particular, 20 U.S.C. § 1415 (i)(3).

12. This action follows various due process hearings, conducted at the New York City Department of Education, Impartial Hearing Office, located in Brooklyn, New York pertaining to hearing officers' decisions, on the merits, in Plaintiff parents' favor. The hearing officer's decisions are all now final and non-appealable.[1]

## JURISDICTION AND VENUE

13. This Court, pursuant to 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367, has jurisdiction of this action without regard to the amount in controversy, as the Plaintiffs clearly emerged as the "prevailing party" in all matters.

14. Venue is proper in that, a substantial part of the events giving rise to the instant Attorney Fee claim occurred in Brooklyn, New York, the location of the New York City Department of Education Impartial Hearing Office where the due process proceedings were filed and the administrative hearings were conducted.

## FACTUAL BACKGROUND

15. Pursuant to the IDEA statute, as well as the New York State Education Law, all school agencies within the State are required to offer eligible students with disabilities special education programs and services that are tailored to meet the individual needs of each child with a disability. The FAPE required under IDEA will be different for each child, as IDEA does not permit a "one size fits all" approach.

---

[1] The matter of R.S. was in part appealed to the New York State second administrative tier, the Office of State Review. The parent won the impartial hearing on the issue of tuition and appealed the failure of the district to pay for an evaluation. The district did not appeal the decision on tuition and it became final. The Office of State Review issued a decision in the parent's favor on May 26, 2020 and that decision has also become final.

16. This matter involves the Defendant's failure to pay plaintiffs' attorney's fees in six matters for various school years described *infra*.

17. In five of the six matters[2] a demand was submitted to the Defendant's Office of Legal Services, pursuant to procedures set up by Defendant. Each demand included a notice of claim form, a timesheet detailing Attorney Weinberg's time spent on the matter, and an authorization by the parent to Attorney Weinberg, to negotiate the claim. The authorization included the following language, "… do now fully authorize, Lawrence D. Weinberg, to receive on my behalf sums paid by the New York City Department of Education ("DOE") in full settlement of these claims. I authorize Lawrence D. Weinberg to sue the DOE pursuant to 20 USC 1415 under my name should the DOE fail to pay a reasonable attorney fee. I further authorize attorney to settle any such claim and receive such amounts in settlement."

**Claim 1: A.G. OBO M.G. The 2018- 2019 school year**

18. On or about, September 5, 2018, M.G. and his parent A.G. initiated an administrative, due process proceeding against Defendant in order to secure reimbursement and/or prospective payment of tuition and other related funding relief based upon Defendant's failure to provide M.G. with a FAPE for the 2018-2019 school year.

19. An Impartial Hearing Officer ("IHO") was appointed to preside over and render a decision pursuant to the parents' Due Process Request.

20. Defendant assigned the number 177083 to the matter.

21. The impartial due process hearing took place on the following dates, including procedural and substantive hearings: September 26, 2018, October 15, 2018, November 6, 2018, December 13, 2018, April 17, 2019, and May 15, 2019.

---

[2] As described *infra*, the demand for the fee in the matter of R.S. was not submitted to Defendant's Office of Legal Services because of the position taken by the Defendant with regard to Attorney Weinberg's fees.

22. The record consisted of 19 exhibits and the presentation of two witnesses.

23. In a "Findings of Fact and Decision," dated June 7, 2019, the IHO found that the Defendant failed to offer M.G. a FAPE and that the family met its burden that the placement is appropriate, and that equities favored reimbursement and/or prospective payment of tuition, and that parent was entitled to reimbursement for an educational evaluation.

24. The IHO ordered Defendant to reimburse and/or pay for the student's educational placement at York Preparatory School for the 2018-2019 school year.

25. M.G. and his parent emerged as the "prevailing party" and they are entitled to their reasonable attorneys' fees and costs.

26. Defendant has waived its right to administratively appeal the Findings of Fact and Decision, since the time limit for bringing such an appeal has lapsed.

27. This action is timely brought, as there is an applicable three-year statute of limitations as to fee claims.

28. From prior to the filing of Plaintiffs' September 5, 2018 Due Process Request, to present, the parent had the assistance of attorney Lawrence Weinberg, who represented the Plaintiffs by, *inter alia*, drafting and filing the Due Process Complaint and by preparing for and conducting the administrative hearing.

29. Under the fee-shifting provisions of the IDEA statute, M.G. and his parent should be awarded their reasonable attorneys' fees and other recoverable costs at the IHO level, presently in the principal sum of not less than $23,229.00 and any additional fees and costs of this action.

30. On October 29, 2019, Plaintiffs, through counsel, submitted a demand for attorneys' fees to the Defendant's Office of Legal Services.

31.	On July 6, 2020, plaintiff Lawrence Weinberg was informed by Defendant's employee, Emily Goldman, Esq., that the fee in all matters were not going to be paid by Defendant because in Defendant's opinion, plaintiff Lawrence Weinberg failed to comply with NY Judiciary Law Section 470.

**Claim 2: A.G. OBO M.G. The 2019-2020 school year**

32.	On or about, September 5, 2019, M.G. and his parent A.G.[3] initiated an administrative, due process proceeding against Defendant in order to secure reimbursement and/or prospective payment of tuition and other related funding relief based upon Defendant's failure to provide M.G. with a FAPE for purposes of the 2019-2020 school year.

33.	An Impartial Hearing Officer ("IHO") was appointed to preside over and render a decision pursuant to the parents' Due Process Request.

34.	Defendant assigned the number 186522 to the matter.

35.	The impartial due process hearing took place on the following date, including procedural and substantive hearings: November 18, 2019.

36.	The record consisted of 11 exhibits and the presentation of two witnesses.

37.	In a "Findings of Fact and Decision," dated November 20, 2019, the IHO found that the Defendant failed to offer M.G. a FAPE and that the family met its burden that the placement is appropriate, and that equities favored reimbursement and/or prospective payment of tuition.

38.	The IHO ordered Defendant to reimburse and/or pay for the student's educational placement at York Preparatory School for the 2019-2020 school year.

39.	M.G. and his parent emerged as the "prevailing party" and they are entitled to their reasonable attorneys' fees and costs.

---

[3] M.G. and A.G. are the same child and parent in claim 1.

40. Defendant has waived its right to administratively appeal the Findings of Fact and Decision, since the time limit for bringing such an appeal has lapsed.

41. This action is timely brought, as there is an applicable three-year statute of limitations as to fee claims.

42. From prior to the filing of Plaintiffs' September 5, 2019 Due Process Request, to present, the parent had the assistance of attorney Lawrence Weinberg, who represented the Plaintiffs by, *inter alia*, drafting and filing the Due Process Complaint and by preparing for and conducting the administrative hearing.

43. Under the fee-shifting provisions of the IDEA statute, M.G. and his parent should be awarded their reasonable attorneys' fees and other recoverable costs at the IHO level, presently in the principal sum of not less than $17,695.50 and any additional fees and costs of this action.

44. On May 19, 2020, Plaintiffs, through counsel, submitted a demand for attorneys' fees to the Defendant's Office of Legal Services.

45. On July 6, 2020, plaintiff Lawrence Weinberg was informed by Defendant's employee, Emily Goldman, Esq., that the fee in all matters were not going to be paid by Defendant because in Defendant's opinion, plaintiff Lawrence Weinberg failed to comply with NY Judiciary Law Section 470.

**Claim 3: J.T. and P.T. OBO G.T.**

46. On or about, September 5, 2017, G.T. and his parents J.T. and P.T. initiated an administrative, due process proceeding against Defendant in order to secure reimbursement and/or prospective payment of tuition and other related funding relief based upon Defendant's failure to provide G.T. with a FAPE for purposes of the 2017-2018 school year.

47. An Impartial Hearing Officer ("IHO") was appointed to preside over and render a decision pursuant to the parents' Due Process Request.

48. Defendant assigned the number 168466 to the matter.

49. The impartial due process hearing took place on the following dates, including procedural and substantive hearings: September 25, 2017, December 4, 2017, and March 13, 2018.

50. The record consisted of ten exhibits and the presentation of four witnesses.

51. In a "Findings of Fact and Decision," dated April 23, 2018, the IHO found that the Defendant failed to offer G.T. a FAPE and that the family met its burden that the placement is appropriate, and that equities favored reimbursement and/or prospective payment of tuition.

52. The IHO ordered Defendant to reimburse and/or pay for the student's educational placement at York Preparatory School for the 2017-2018 school year.

53. G.T. and his parents emerged as the "prevailing party" and they are entitled to their reasonable attorneys' fees and costs.

54. Defendant has waived its right to administratively appeal the Findings of Fact and Decision, since the time limit for bringing such an appeal has lapsed.

55. This action is timely brought, as there is an applicable three-year statute of limitations as to fee claims.

56. From prior to the filing of Plaintiffs' September 5, 2017 Due Process Request, to present, the parent had the assistance of attorney Lawrence Weinberg, who represented the Plaintiffs by, *inter alia*, drafting and filing the Due Process Complaint and by preparing for and conducting the administrative hearing.

57. Under the fee-shifting provisions of the IDEA statute, G.T. and his parents should be awarded their reasonable attorneys' fees and other recoverable costs at the IHO level, presently in the principal sum of not less than $20,627.00 and any additional fees and costs of this action.

58. On April 8, 2019, Plaintiffs, through counsel, submitted a demand for attorneys' fees to the Defendant's Office of Legal Services.

59. The fee was negotiated between Lawrence Weinberg and Defendant's employee Michael Lawrence. On February 9, 2020, the parties agreed that Attorney Weinberg would be paid $15,000.00 subject to submission of a release signed by Attorney Weinberg and an authorization signed by the parents. The authorization had been submitted digitally. The original authorization and releases were mailed to the Defendant to Michael Lawrence's attention. On May 19, 2020, the requested documents were emailed to Michael Lawrence and a status update was requested. Attorney Lawrence replied, "The releases must have arrived after we all started working from home. I will add these electronic copies to the file for processing." A further status update was requested on June 28, 2020, On June 30, 2020, Attorney Lawrence replied, "I haven't heard of any problems so you should be receiving payment shortly."

60. Nonetheless, this fee was never paid.

61. On July 6, 2020, plaintiff Lawrence Weinberg was informed by Defendant's employee, Emily Goldman, Esq., that the fee in all matters were not going to be paid by Defendant because in Defendant's opinion plaintiff Lawrence Weinberg failed to comply with NY Judiciary Law Section 470.

**Claim 4 C.C. and R.I. OBO M.I.**

62. On or about, September 5, 2018, M.I. and her parents C.C. and R.I. initiated an administrative, due process proceeding against Defendant in order to secure reimbursement

and/or prospective payment of tuition and other related funding relief based upon Defendant's failure to provide M.I. with a FAPE for purposes of the 2018-2019 school year.

63. An Impartial Hearing Officer ("IHO") was appointed to preside over and render a decision pursuant to the parents' Due Process Request.

64. Defendant assigned the number 177084 to the matter.

65. The impartial due process hearing took place on the following dates, including procedural and substantive hearings: November 1, 2018, January 30, 2018, February 27, 2019.

66. The record consisted of 13 exhibits and the presentation of four witness.

67. In a "Findings of Fact and Decision," dated July 30, 2019, the IHO found that the Defendant failed to offer M.I. a FAPE and that the family met its burden that the placement is appropriate, and that equities favored reimbursement and/or prospective payment of tuition.

68. The IHO ordered Defendant to reimburse and/or pay for the student's educational placement at York Preparatory School for the 2018-2019 school year.

69. M.I. and her parents emerged as the "prevailing party" and they are entitled to their reasonable attorneys' fees and costs.

70. Defendant has waived its right to administratively appeal the Findings of Fact and Decision, since the time limit for bringing such an appeal has lapsed.

71. This action is timely brought, as there is an applicable three-year statute of limitations as to fee claims.

72. From prior to the filing of Plaintiffs' September 5, 2018 Due Process Request, to present, the parents had the assistance of attorney Lawrence Weinberg, who represented the Plaintiffs by, *inter alia*, drafting and filing the Due Process Complaint and by preparing for and conducting the administrative hearing.

73. Under the fee-shifting provisions of the IDEA statute, M.I. and her parents should be awarded their reasonable attorneys' fees and other recoverable costs at the IHO level, presently in the principal sum of not less than $24,697.00 and any additional fees and costs of this action.

74. On October 29, 2019, Plaintiffs, through counsel, submitted a demand for attorneys' fees to the Defendant's Office of Legal Services.

75. On July 6, 2020, plaintiff Lawrence Weinberg was informed by Defendant's employee, Emily Goldman, Esq., that the fee in all matters were not going to be paid by Defendant because in Defendant's opinion plaintiff Lawrence Weinberg failed to comply with NY Judiciary Law Section 470.

**Claim 5: E.H. OBO M.K.**

76. On or about, July 5, 2018, M.K. and his parent E.H. initiated an administrative, due process proceeding against Defendant in order to secure reimbursement and/or prospective payment of tuition and other related funding relief based upon Defendant's failure to provide M.K.. with a FAPE for purposes of the 2018-2019 school year.

77. An Impartial Hearing Officer ("IHO") was appointed to preside over and render a decision pursuant to the parents' Due Process Request.

78. Defendant assigned the number 174800 to the matter.

79. The impartial due process hearing took place on the following date, including procedural and substantive hearings: October 26, 2018.

80. The record consisted of 11 exhibits and the presentation of one witness.

81. In a "Findings of Fact and Decision," dated November 1, 2018, the IHO found that the Defendant failed to offer M.K. a FAPE and that the family met its burden that the placement is appropriate, and that equities favored reimbursement and/or prospective payment of tuition.

Case 1:20-cv-05211-FB-RER   Document 1   Filed 10/29/20   Page 12 of 17 PageID #: 12

82. The IHO ordered Defendant to reimburse and/or pay for the student's educational placement at the Rebecca School for the 2018-2019 school year.

83. M.K. and his parent emerged as the "prevailing party" and they are entitled to their reasonable attorneys' fees and costs.

84. Defendant has waived its right to administratively appeal the Findings of Fact and Decision, since the time limit for bringing such an appeal has lapsed.

85. This action is timely brought, as there is an applicable three-year statute of limitations as to fee claims.

86. From prior to the filing of Plaintiffs' July 5, 2018 Due Process Request, to present, the parent had the assistance of attorney Lawrence Weinberg, who represented the Plaintiffs by, *inter alia*, drafting and filing the Due Process Complaint and by preparing for and conducting the administrative hearing.

87. Under the fee-shifting provisions of the IDEA statute, M.K. and his parent should be awarded their reasonable attorneys' fees and other recoverable costs at the IHO level, presently in the principal sum of not less than $17,787.00 and any additional fees and costs of this action.

88. On October 29, 2019, Plaintiffs, through counsel, submitted a demand for attorneys' fees to the Defendant's Office of Legal Services.

89. On July 6, 2020, plaintiff Lawrence Weinberg was informed by Defendant's employee, Emily Goldman, Esq., that the fee in all matters were not going to be paid by Defendant because in Defendant's opinion that plaintiff Lawrence Weinberg failed to comply with NY Judiciary Law Section 470.

**Claim 6 R.S. OBO R.S.**

12 of 17

90. On or about, September 5, 2018, R.S. and his parent R.S. initiated an administrative, due process proceeding against Defendant in order to secure reimbursement and/or prospective payment of tuition and other related funding relief based upon Defendant's failure to provide R.S. with a FAPE for the 2018-2019 school year and to seek reimbursement for an educational evaluation.

91. An Impartial Hearing Officer ("IHO") was appointed to preside over and render a decision pursuant to the parents' Due Process Request.

92. Defendant assigned the number 177088 to the matter.

93. Although a pendency hearing took place in this matter on October 5, 2018, and a pendency order and amended pendency order were issued, no substantive hearing was held in this matter.

94. Defendant initiated a settlement process in this matter. However, due to various reasons, including reassignment of the settling attorney, and no bad faith on either side, this matter did not settle. The due process complaint was withdrawn without prejudice on August 26, 2019.

95. On or about, September 3, 2019, R.S. and his parent R.S. initiated an administrative, due process proceeding against Defendant in order to secure reimbursement and/or prospective payment of tuition and other related funding relief based upon Defendant's failure to provide R.S. with a FAPE for purposes of the 2018-2019 and 2019-2020 school years and to seek reimbursement for an educational evaluation.

96. A new Impartial Hearing Officer ("IHO") was appointed to preside over and render a decision pursuant to the parents' Due Process Request.

97. Defendant assigned the number 186528 to the matter.

98. The impartial due process hearing took place on the following dates, including procedural and substantive hearings: September 11, 2019, October 30, 2019, November 22, 2019, and January 21, 2020.

99. The record consisted of 19 exhibits and the presentation of two witnesses.

100. In a "Findings of Fact and Decision," dated February 7, 2020, the IHO found that the Defendant failed to offer R.S. a FAPE and that the family met its burden that the placement is appropriate, and that equities favored reimbursement and/or prospective payment of tuition for both school years at issue.

101. The IHO ordered Defendant to reimburse and/or pay for the student's educational placement at York Preparatory School for the 2018-2019 and 2019-2020 school years.

102. The IHO failed to address parent's claim for reimbursement for an evaluation. Thus, parent appealed the failure to issue a decision to the New York State second administrative tier, the Office of State Review.

103. On May 26, 2020, the Office of State Review issued a decision in favor of the parent R.S. and ordered Defendant to reimburse R.S. for the evaluation at issue.

104. R.S. and his parent emerged as the "prevailing party" and they are entitled to their reasonable attorneys' fees and costs.

105. Defendant has waived its right to administratively appeal the Findings of Fact and Decision, since the time limit for bringing such an appeal has lapsed.

106. Defendant has waived its right to appeal the Office of State Review Decision, since the time limit for bringing such an appeal has lapsed.

107. This action is timely brought, as there is an applicable three-year statute of limitations as to fee claims.

108. From prior to the filing of Plaintiffs' Due Process Requests, to present, the parent had the assistance of attorney Lawrence Weinberg, who represented the Plaintiffs by, *inter alia*, drafting and filing the Due Process Complaint and by preparing for and conducting the administrative hearing.

109. Under the fee-shifting provisions of the IDEA statute, R.S. and his parent should be awarded their reasonable attorneys' fees and other recoverable costs at the IHO level, presently in the principal sum of not less than $49,617.50 and any additional fees and costs of this action.

110. On July 6, 2020, Plaintiff Lawrence Weinberg was informed by Defendant's employee, Emily Goldman, Esq., that the fee in all matters were not going to be paid by Defendant because in Defendant's opinion Plaintiff Lawrence Weinberg failed to comply with NY Judiciary Law Section 470.

111. Due to the email from Emily Goldman, stating that a demand for attorneys' fees to the Defendant's Office of Legal Services would be rejected, no formal demand with paperwork was submitted to Defendant's Office of Legal Services. However, a demand was made on September 8, 2020, to Defendant.

**Attorney Weinberg's Law Office Location**

112. Plaintiff Weinberg was admitted to the New York State bar in 2005. He has practiced special education law since 2008.

113. From 2008 until 2018 Plaintiff Weinberg lived in the New York Metropolitan area, living at times in New York City and other times in New Jersey. During this time he primarily was affiliated with an advocate whose office is located in New York City.

114. In 2014, Plaintiff Weinberg took on a matter that was not affiliated through the advocate. At that time Plaintiff Weinberg was living in New Jersey.

115. In August 2014, Plaintiff Weinberg entered into a contract for a virtual office located in New York City.

116. On September 4, 2014, Plaintiff Weinberg first used the virtual office address on a due process complaint. That due process complaint listed both Plaintiff Weinberg's virtual New York office address and his New Jersey home office address.

117. In 2017, Plaintiff Weinberg ended his affiliation with the New York advocate. He also began the process of retiring, winding down his practice, and moving to France. At this time, he was living in New Jersey.

118. Plaintiff Weinberg has never hidden where he lives. Defendant was always aware of his New Jersey address by virtue of his 2014 W-9 filing with the Department of Education and discussions with DOE staff about his home office address. Additionally, Plaintiff Weinberg has always utilized his home office address and the virtual office address when the virtual office address was utilized on a due process complaint, pleading, or letter.

119. On September 8, 2020, counsel for Plaintiff Weinberg, Alvy Law, PLLC, contacted the Defendant, with a demand for payment of attorney fees and informing Defendant that failure to pay the fees, described *supra*, had no basis in law. Specifically, counsel advised Defendant that no court had ever held that a violation of Judiciary Law 470 was a basis for denying an attorney's fee and at least one court had specifically held that a violation of Judiciary Law 470 was not a basis for denying an attorney's fee.

120. Defendant has not responded to the demand.

121. Upon information and belief, Defendant is aware that it has no legal or good faith basis to deny payment of the fees at issue.

FIRST CAUSE OF ACTION

122. Plaintiffs repeat and re-allege paragraphs 1-121 as if more fully set forth herein.

123. Plaintiffs initiated impartial hearings on behalf of the children.

124. Each set of Plaintiffs prevailed at the impartial hearings by obtaining a decision and order awarding relief in full.

125. Plaintiffs having prevailed in the underlying proceedings hereby demand reasonable attorneys' fees and costs pursuant to 20 U.S.C. § 1415 (i)(3)

WHEREFORE, by reason of the foregoing, this Court should:

(a) declare Plaintiffs to be the "substantially prevailing party;"

(b) fix and award Plaintiffs' statutory attorneys' fees and related costs and disbursements from the IDEA due process proceeding, presently in the sums of not less than as follows:

> **A.G. OBO M.G.  The 2018-2019 school year:** $23,229.00,
> **A.G. OBO M.G. The 2019-2020 school year:** $17,695.50,
> **J.T. and P.T. OBO G.T.** $20,627.00,
> **C.C. and R. I. OBO M.I.** $24,697.00,
> **E.H. OBO M.K.** $17,787.00,
> **R.S. OBO R.S.** $49,617.50,

plus any additional fees and interest as this Court may allow for fees;

(c) award Plaintiffs' statutory attorneys' fees and out-of-pocket costs recorded in this action which are presently approximately $3500.00; and

(d) award Plaintiffs such other, different and further relief as this Court deems proper.


Dated:      October 29, 2020
            New York, New York

By: *Vida M. Alvy*
Vida M. Alvy, Esq. (VA 3946)
ALVY LAW, PLLC
1177 Avenue of the Americas
Suite 500
New York, NY 10036
vmalvy@verizon.net
973-868-0449